Argued September 9, affirmed September 25, 1975

CHAFFEE, *Respondent, v.* FINE ᴇᴛ ᴀʟ,
*Defendants, and* LaDUKE ᴇᴛ ᴜx, *Appellants.*

540 P2d 371

*Thomas E. Wurtz,* Springfield, argued the cause for appellants. On the brief were Kenneth A. Osher and Moore, Wurtz & Logan, Springfield.

*Richard Smurthwaite,* Eugene, argued the cause for respondent. With him on the brief were Linklater & Smurthwaite and Husband, Johnson & Fechtel, Eugene.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is a suit in equity in which plaintiff seeks a decree declaring that he is the owner of a non-exclusive perpetual easement appurtenant entitling him to use an access road over defendants' land. A judgment of default was entered against all defendants except defendants LaDuke. The trial court granted the relief prayed for in plaintiff's complaint and defendants LaDuke appeal. We shall refer to the LaDukes as the defendants.

Albert and Violette Fine, husband and wife, originally owned a tract of land consisting of 138 acres.[1]

---

[1] This diagram is an approximate description, not to scale, of the tract in question.

Accepting defendants' testimony, the Fines entered into a written contract with defendants in June of 1966 under which defendants were "to start buying at the back of the property [west] with a 60-foot right of way which went down the side of the property" and "each payment would buy so much property until we got the farm." This contract was not recorded; in fact, defendants were not able to produce it at the trial, explaining that it had been in the hands of an attorney who handled the transaction and that he was unable to find it. At the time of the alleged contract of June, 1966, there was a roadway along the south edge of the tract which provided ingress and egress from parts of the tract to the county road.

■ Defendants introduced into evidence a written contract dated June 30, 1968, under which the Fines agreed to sell to defendants the tract "less any parcels of ground which have been divided from it by warranty deeds issued by the sellers during the time they have had ownership of said tract." The contract also contained a provision that a sixty-foot strip 1360 feet long along the south boundary of the tract "is presently reserved for use as a road, said road being for the use of owners of land included in and/or sold from [the tract]. Any ownership or interest which the sellers have in the above-described right of way shall in this contract be transferred to the buyers." The contract of June 30, 1968, did not specify the names of the owners of the land to whom previous warranty deeds had been executed. Tax Lots 205 and 206 had been previously conveyed on June 3, 1968, by the Fines to Albert Fine's brother, Carl Fine, subject to "a life estate one-half (½) interest," which was reserved to Albert Fine. It is not clear why Lot 206 was included in this conveyance of June 3, 1968, because Violette Fine testified that she and her husband, Albert, had orally conveyed Lot 206 to Marvin and Alberta Du-

mont, plaintiff's predecessors, sometime in 1966. The Dumonts' title was clarified, however, when, on July 8, 1968, Carl Fine joined with Albert and Violette Fine in a conveyance to Marvin and Alberta Dumont. It is undisputed that the 60-foot roadway in question is the only access to Lot 206. Because it is the only access, an implied easement was created for the benefit of Lot 206 when it was conveyed out of the larger tract.

■■ Defendants take the position that plaintiff has no right to use the road because defendants were prior purchasers of the road by the contract of June 30, 1968, and that the Fines had no interest to convey when they executed their deed to the Dumonts on July 8, 1968, unless plaintiff can prove that he or the Dumonts, his grantors, were bona fide purchasers without notice of defendants' interest. Defendants' argument rests upon the premise that under the June 30, 1968 contract they acquired not only the fee simple title to the road but also the exclusive right to do what they wished with the 60-foot strip, unencumbered by any interests of others claiming the right to use the roadway. This, however, is not what the contract provides. Quite to the contrary, the contract makes it plain that the interest passing to defendants under the contract was subject to the interest of grantees to whom a part of the tract had previously been sold. The fact that plaintiff's deed was executed after the execution of defendants' contract does not preclude him from asserting his interest in the easement, because the right to use the roadway vested in plaintiff's grantors prior to the execution of the June 30, 1968 contract, and therefore that existing interest passed under the July 8, 1968 deed which expressly included "the right to use the existing road."

■ Defendants urge upon appeal that if plaintiff's claim to an easement is sustained, plaintiff should be

required to contribute a reasonable amount to defray the cost of its maintenance. That issue was not raised in the pleadings and therefore is not properly before this court on appeal.

The decree is affirmed.